NO. 07-11-00051-CV
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL C
 
--------------------------------------------------------------------------------
MARCH 22, 2011
--------------------------------------------------------------------------------

 
 IN RE TOMMY DOMINGUEZ, RELATOR
--------------------------------------------------------------------------------

 
Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION
 
Relator, Tommy Dominguez, has filed a Petition for Writ of Mandamus requesting this Court issue mandamus to compel respondent, the Honorable William D. Smith, "to perform his ministerial duty, to abide with T.C.C.P. Art. 26.052(e), and in the alternative, that this cause be remanded to the Trial Court for trial on its merit." By his petition, Dominguez complains that, in 1997, he was tried for capital murder and that the State sought the death penalty, and the trial court abused its discretion when it failed to appoint two attorneys to assist him. See Tex. Code Crim. Proc. Ann. art. 26.052(e) (West Supp. 2010). We deny the petition.
Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion, and (2) the party requesting mandamus relief has no adequate remedy by appeal. See In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004); Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). As the party bearing the burden of proof, a relator must provide a sufficient record to establish his entitlement to mandamus relief. See Walker, 827 S.W.2d at 837.
Texas Rule of Appellate Procedure 52.3 identifies the requirements for a petition for writ of mandamus filed in this Court. While Dominguez's petition generally complies with these requirements, it is deficient in one significant respect. Rule 52.3(g) requires the petition include a statement of facts supported by citation to competent evidence included in the appendix or record, and Rule 52.3(k)(1)(A) requires that the appendix to the petition include a certified or sworn copy of any order complained of, or other document showing the matter complained of. Dominguez has not included an appendix to his petition nor has he filed a copy of the record from the capital murder trial of which he now complains. As such, Dominguez has failed to provide this Court with a sufficient record to allow us to assess the merits of Dominguez's claim that the trial court clearly abused its discretion or violated a duty imposed by law. See Walker, 827 S.W.2d at 837.
As Dominguez has failed to meet his burden to establish entitlement to the relief he seeks, we deny the petition.

 Per Curiam